# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| **BRENDAN RALPH** | § | |
| | § | |
| *Plaintiff,* | § | C.A. No.   9:23-cv-4843-RMG-MGB |
| | § | |
| **vs.** | § | |
| | § | |
| **ALPHA GENESIS, INC.** | § | **COMPLAINT** |
| | § | (Jury Trial Demanded) |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

Plaintiff Brendan Ralph ("Plaintiff" or "Ralph"), by and through his undersigned counsel, files this Complaint against Defendant Alpha Genesis, Inc. ("Defendant" or "AIG") for violation of Title VII of the Civil Rights Act of 1964, and in support states as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendant under federal law, specifically Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(a).

2.    Plaintiff is a former employee of Defendant who alleges that Defendant failed to accommodate his religious beliefs by exempting him from its COVID-19 vaccination requirement.

3.    Defendant's practices were in direct violation of Title VII.

4.    For the violations described herein, Plaintiff seeks compensatory and punitive damages as permitted by applicable law as well as attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

5.    Plaintiff Brendan Ralph is an adult currently residing in Marshall County, Kentucky.

6.      At all times relevant to the events and subject matter of this lawsuit, Plaintiff was an adult resident of Beaufort County, South Carolina.

7.      Defendant Alpha Genesis, Inc. is a corporation organized under the laws of South Carolina and doing business in Hampton County and Yemassee County, South Carolina.  Its principal office is located at 95 Castle Hall Road, Yemassee, South Carolina, 29945.

8.      Defendant may be served with process through its registered agent D. Cabell Gilley at 811 Craven Street, Beaufort, South Carolina, 29901.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1311 over Plaintiff's claim brought under Title VII, 42 U.S.C. § 2000e-2.

10.      This Court has personal jurisdiction over Defendant as Defendant is registered and doing business in this judicial district.

11.      Venue for this action is proper in this District pursuant to 28 U.S.C. § 1391(b) because  (1) Defendant's principal place of business is in this District and (2) a substantial part of the events giving rise to Mr. Ralph's claims occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.      All conditions precedent to filing claims under Title VII have been performed or have occurred.  In particular, Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on January 12, 2022 and the EEOC issued a right-to-sue notice on July 5, 2023.

13.      This case is brought within 90 days of receipt of the EEOC notice on July 5, 2023.

14.      Plaintiff has fully exhausted his administrative remedies and is entitled to file in this district court.  This Complaint is filed within the appropriate time.

## STATEMENT OF FACTS

15.    On June 4, 2021, Plaintiff was hired by Defendant as a Laboratory Research Technician.

16.    At the time of his hiring, although COVID-19 vaccines were readily available to the public, Defendant did not require any of its employees, including Plaintiff, to have a COVID-19 vaccine.

17.    On or around October 7, 2021, Defendant AGI received notice from the Federal Government regarding Executive Order 14042 – "Ensuring Adequate COVID Safety Protocols for Federal Contractors."

18.    On or around October 7, 2021, AGI Administrative Director and Director of Human Resources, Paula Gant ("Gant"), notified AGI management that pursuant to Executive Order 14042, all AGI employees would be required by the Federal Government to be fully vaccinated or have a medical or religious exemption on file by December 8, 2021.  (**Ex. 1** - 2021 10 07 AGI HR E-Mail to AGI Management).

19.    On October 11, 2021, Gant issued a letter to AGI employees stating that it has been mandated "officially" to AGI "from the government" pursuant to Executive Order 14042, that all AGI employees are required to be fully vaccinated or have a medical or religious exemption on file by December 8, 2021.  (**Ex. 2** - 2021 10 11 AGI HR letter to AGI employees).

20.    After Executive Order 14042 was announced, the Federal Government issued guidance to federal contractors and subcontractors like Defendant regarding what accommodations they must offer for employees who are unable to receive the COVID-19 vaccine due to their sincerely held religious beliefs:

> A covered contractor may be required to provide an accommodation to covered contractor employees who communicate to the covered contractor that they are not vaccinated against COVID-19 because of a disability (which would include medical conditions) *or because of a sincerely held religious belief, practice, or observance*.  A covered contractor should review and consider what, if any, accommodation it must offer.

(**Ex. 3** - 2021 11 10 Safer Federal Workforce Task Force – COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors) (emphasis added).

21.    Defendant was also in possession of, and reviewed, additional legal guidance from the Federal Government regarding religious accommodations and exemptions for the COVID-19 vaccine which states that the employer is responsible for engaging in the interactive process and that the employee does not have to make his request for a religious accommodation in writing:

> The employer is responsible for engaging in the interactive process as soon as it learns that an employee needs an accommodation.  The employee does not have to make this request in writing, nor specifically state that he or she has a sincerely held religious belief requiring an accommodation.  Every time an employee indicates he or she has a sincerely held religious belief, the employer should recognize this as an accommodation request.  Once the employer is aware of the employee's need for an accommodation, it is responsible for making a good faith effort to communicate with the employee about the accommodation.

(**Ex. 4** - Employer's Guide to the Religious Exemption for the COVID-19 Vaccine, June 24, 2021).

22.    Plaintiff is a devout Catholic and on November 4, 2021, Plaintiff informed AGI Administrative Director and Director of Human Resources, Paula Gant, that he was unable to take the COVID-19 vaccine because it would conflict with his sincerely held religious beliefs and that he needed an exemption to the COVID-19 vaccine requirement as a religious accommodation.

23.    Defendant failed to engage in any interactive process with Plaintiff to discuss accommodations or determine what, if any, reasonable accommodation could be made to permit Plaintiff to continue his job duties at AGI without receiving the COVID-19 vaccine.

24.    On November 4, 2021, almost immediately after Plaintiff informed Gant that he needed a religious accommodation for the COVID-19 vaccine, Defendant provided him a letter that was dated and addressed to him from Gant informing him that Defendant was denying his request for

a religious accommodation based on Defendant's claim that providing him a religious accommodation to the COVID-19 vaccine would result in an undue burden on the company:

> We have received and considered your request for a religious exemption from the vaccine requirement, and your request is denied because you have not met the standard to be legally entitled to an exemption.

> In considering your exemption request, we have assumed that it is based on a sincerely held religious belief although it is not entirely clear that is the case. However, given the nature of the work performed by Alpha Genesis and your specific job duties, granting your request for an exemption would impose an undue burden on the Company.

(**Ex. 5** - 2021 11 04 Ltr. from P. Gant to B. Ralph re: denial of religious exemption request).

25.     In denying Plaintiff's request for religious accommodation, Defendant informed Plaintiff that it assumed that Plaintiff's request for religious accommodation was based on a sincerely held religious belief and did not dispute the sincerity or basis of Plaintiff's religious beliefs and only stated that providing him a religious accommodation to the COVID-19 vaccine requirement would be an undue burden on the company.

26.     On November 4, 2021, after receiving his letter denying his request for a religious accommodation, Plaintiff emailed Gant to notify her that the deadline for Executive Order 14042 to go into effect was moved from December 8, 2021 to January 4, 2022 and requested that he be allowed to stay on at least through January 4, 2022.  (**Ex. 6** - 2021 11 04 email exchange between B. Ralph to P. Gant re: deadline extension).

27.     After denying Plaintiff's request for religious accommodation to allow him to continue working at AGI without receiving the COVID-19 vaccine, Gant also denied Plaintiff's request to be permitted to work at AGI at least until January 4, 2022.

28.     On December 7, 2021, *prior* to Defendant terminating Plaintiff, Executive Order 14042 was enjoined by the U.S. District Court for the Southern District of Georgia, Augusta Division, in

*The State of Georgia, et al. v. Joseph R. Biden, et al.*, C/A No. 1:21-cv-00163, (S.D. Ga, 2021), and Executive Order 14042 did not go into effect.  In fact, Executive Order 14042 never went into effect and Defendant was never required by the Federal Government to implement a mandatory COVID-19 vaccine policy.

29.    In keeping with his sincerely held religious beliefs, Plaintiff did not receive the COVID-19 vaccine.

30.    Plaintiff was suspended from employment with AGI on November 24, 2021, and ultimately terminated from his position at AGI on December 8, 2021, for failure to get a COVID-19 vaccine.

31.     Defendant provided its employees with 90 day medical exemptions from the mandatory COVID-19 vaccine requirement, but did not provide any employees with any religious accommodations to the vaccine.

32.    Multiple AGI employees were provided 90 day medical exemptions from the COVID-19 vaccine requirement based on AGI's assertion that the COVID-19 vaccine was unsafe for individuals who had a recent COVID-19 infection.

33.    Defendant granted these 90 day non-religious medical exemptions to every employee who requested one, including employees who had the same position and job duties as Plaintiff working in the research lab with primates.

34.    Defendant permitted these employees to continue working at AGI during their 90 day medical exemption period without the COVID-19 vaccine despite having the same position and same job duties as Plaintiff.

35.    Defendant even permitted employees who did not request religious accommodations to continue working at AGI without the COVID-19 vaccine after their 90 day medical exemption had expired.

36. On the other hand, multiple AGI employees, including Plaintiff, requested, and were denied religious accommodations to the COVID-19 vaccine requirement.

37. Although Defendant permitted unvaccinated employees who had the same exact position and job duties as Plaintiff to continue working at AGI pursuant to requests for non-religious medical accommodation, Defendant did not permit unvaccinated employees, including Plaintiff, to continue working at AGI pursuant to requests for religious accommodation.

38. Additionally, prior to Defendant implementing the vaccine mandate, the Center for Disease Control ("CDC") had determined that vaccinated people can also transmit the COVID-19 virus to others. *See* **Ex. 7** - 2021 07 30 CDC Director Rochelle P. Walensky Statement.

39. Further, Executive Order 14042 was enjoined prior to Plaintiff being terminated and never went into effect meaning Defendant was never required to implement the mandate as a federal contractor or subcontractor which was Defendant's sole basis for requiring the COVID-19 vaccine.

## COUNT I – RELIGIOUS DISCRIMINATION/FAILURE TO ACCOMMODATE RELIGIOUS BELIEFS IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (42 U.S.C. § 2000e, *et seq.*)

40. Plaintiff realleges and incorporates all allegations above as if fully set forth herein.

41. Title VII of the Civil Rights Act of 1964 prohibits employers like Defendant from discharging or otherwise discriminating against an individual due to their religion. 42 U.S.C. § 2000e-2(a).

42. Title VII forbids an employer from refusing an employee a religious accommodation, absent proof that granting the accommodation would cause it undue hardship. 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1); *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015).

43. "Title VII requires an employer, once on notice that a religious accommodation is needed, to reasonably accommodate an employee whose sincerely held religious belief, practice, or

observance conflicts with a work requirement, unless doing so would pose an undue hardship." 29 CFR §1605.

44.     This extension of actionable religious discrimination to include failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that it is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."  42 U.S.C. § 2000e(j).

45.     A plaintiff can therefore make out a *prima facie* case under Title VII by showing: (1) he held a bona fide religious belief that conflicted with an employment requirement; (2) that he informed his employer about the religious belief and the conflict; and (3) that he was discharged or disciplined for failing to comply with the conflicting employment requirement.  *Ansonia Bd. of Educ. v. Philbrook,* 479 U.S. 60, 65-66 (1986); *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996).

46.     Defendant was required to grant Plaintiff's request for religious accommodation and exemption from the COVID-19 vaccine requirement unless it could show that the burden of granting Plaintiff's request would "result in substantial increased costs in relation to the conduct of its particular business."  *Groff v. Dejoy*, 600 US _ (2023).

47.     Plaintiff is a devout Catholic who sincerely believes pursuant to Catholic Church leaders and Catholic Church teachings that vaccination is not morally obligatory in principle and so must be voluntary.

48.     As a devout Catholic, Plaintiff also sincerely believes, pursuant to Catholic Church leaders and Catholic Church teachings, that a person's informed judgments about the therapeutic

proportionality of medical interventions are to be respected unless they contradict authoritative Catholic moral teachings.

49.    As a devout Catholic, Plaintiff also sincerely believes, pursuant to Catholic Church leaders and Catholic Church teachings, that a person is required to obey his or her sure conscience, even if it errs.

50.    As a devout Catholic, Plaintiff also sincerely believes, pursuant to Catholic Church leaders and Catholic Church teachings, that the Catholic Church teaches that a person may be required to refuse a medical intervention, including a vaccination, if his or her informed conscience comes to this sure judgment

51.    As a devout Catholic, Plaintiff also sincerely believes, pursuant to Catholic Church leaders and Catholic Church teachings, that the commercial or scientific use of fetal cell lines, derived from aborted fetal tissue, is contrary to his religion and sincerely believes that he cannot knowingly accept medications or vaccinations developed using fetal cell lines, without violating his sincerely held religious beliefs.

52.    The COVID-19 vaccine developed by Pfizer and Moderna both used the fetal cell line HEK 293 during the research and development stages.

53.    The cells from fetal cell line HEK 293 are descended from tissue taken from a 1973 abortion which occurred in the Netherlands.

54.    The COVID-19 vaccine developed by Johnson & Johnson used fetal cell line PER.C6 during the research and development stages.

55.    The cells from PER.C6 cells are descended from tissue taken from a 1985 abortion which occurred in the Netherlands.

56.    Plaintiff's religious beliefs are specifically provided for by Catholic Church leaders and Catholic Church teachings and Plaintiff's objection to the COVID-19 vaccine was based on his sincerely held religious beliefs.

57.    In October 2021, Defendant implemented a vaccine mandate pursuant to Executive Order 14042 COVID-19 vaccine mandate and required all of its employees to receive and provide proof of COVID-19 vaccination.

58.    Plaintiff's sincerely held religious beliefs prevented him from complying with the vaccine mandate.

59.    On November 4, 2021, in a meeting with Defendant AGI's Administrative Director and Director of Human Resources, Paula Gant, Plaintiff placed Defendant on notice that his religious views conflicted with receiving the COVID-19 vaccine and explicitly requested a religious exemption from the COVID-19 vaccine mandate.

60.    During this meeting, Plaintiff explained his sincerely held religious objection to the COVID-19 vaccine mandate and explicitly informed Defendant that the vaccine mandate conflicted with his sincerely held religious beliefs.

61.    During this meeting, Gant verbally informed Plaintiff that Defendant could not grant his request for religious accommodation based on his particular job duties and responsibilities.

62.    On November 4, 2021, immediately after Plaintiff's meeting with Gant, Defendant provided Plaintiff a denial letter acknowledging his request for a religious exemption from the vaccine requirement which also stated that Defendant assumed his request was based on a sincerely held religious belief.  *See* **Ex. 5**.

63.    Defendant's denial of Plaintiff's request for religious accommodation was based solely on its stated assertion that granting the request would impose an undue burden on the company.  *Id*.

64. Plaintiff's requested religious accommodation was not an undue burden and would not have resulted in undue hardship, much less, substantial increased costs in relation to the conduct of Defendant's business because, among other reasons:

    a.     Plaintiff was willing and able to wear a well-fitted N-95 mask while at work as well as any other alternative to the COVID-19 vaccine requested by Defendant;

    b.     Prior to Defendant implementing the vaccine mandate, the CDC had determined that vaccinated people can also transmit the COVID-19 virus to others;[1]

    c.     Executive Order 14042 was enjoined prior to Plaintiff being terminated and never went into effect meaning Defendant was never required to implement the mandate as a federal contractor or subcontractor;

    d.     Even if Executive Order 14042 had gone into effect, it allowed for religious exemptions to the COVID-19 vaccine requirement for employees like Plaintiff; and

    e.     Defendant permitted other, unvaccinated employees with the same job title and duties as Plaintiff to continue working and performing their same duties despite not being vaccinated.

65. Defendant made no efforts at all to accommodate Plaintiff's sincerely held religious objection to the COVID-19 vaccine.

66. Defendant completely failed to engage with Plaintiff in the interactive process and had a good faith interactive process occurred, the parties could have found a reasonable accommodation that would have enabled Plaintiff to continue his employment at AGI without violating his sincerely held religious beliefs.

67. On November 4, 2021, Defendant failed to accommodate Plaintiff's sincerely held religious beliefs and refused to exempt him from its vaccine mandate.

68. Despite Defendant's failure to accommodate, Plaintiff continued to adhere to his sincerely held religious beliefs and did not accept the COVID-19 vaccination.

---

[1] *See* **Ex. 7** - 2021 07 30 CDC Director Rochelle P. Walensky Statement.

69.    Plaintiff was suspended from employment with AGI on November 24, 2021, and ultimately discharged from his position at AGI on December 8, 2021, for failure to comply with the COVID-19 vaccination mandate.

70.    Defendant has, therefore, violated Title VII of the Civil Rights Act of 1964 by failing to reasonably accommodate Plaintiff's sincerely held religious beliefs.

### COUNT II – RELIGIOUS DISCRIMINATION/DISPARATE TREATMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000e, *et seq.*)

71.    Plaintiff realleges and incorporates all allegations above as if fully set forth herein.

72.    Title VII of the Civil Rights Act of 1964 prohibits employers like Defendant from discharging or otherwise discriminating against an individual due to their religion.  42 U.S.C. § 2000e-2(a).

73.    To prove a claim for disparate treatment, an employee must demonstrate that the employer treated [him] differently than other employees because of [his] religious beliefs.  *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (4th Cir. 1996).

74.    An employee can succeed on a claim for disparate treatment if he "establishes that [his] job performance was satisfactory and provides 'direct or indirect evidence whose cumulative probative force supports a reasonable inference that [the] discharge was discriminatory."  *Id.* (citing *Lawrence v. Mars, Inc.*, 955 F.2d 902, 905-06 (4th Cir.)).

75.    Defendant provided multiple AGI employees medical exemptions from the COVID-19 vaccine requirement based on Defendant's assertion that the vaccine was unsafe for individuals who had a recent COVID-19 infection.

76.    Defendant granted these non-religious medical exemptions to every employee who requested one, including employees who had the same exact job title and duties as Plaintiff.

77.    Despite not being vaccinated, Defendant permitted these employees, including employees with the same exact job title and duties as Plaintiff, to continue working at AGI in their same roles and performing their same duties as they normally performed pursuant to a non-religious medical exemption.

78.    On the other hand, multiple AGI employees, including Plaintiff, requested, and were denied religious exemptions to the COVID-19 vaccine requirement.

79.    Although Defendant permitted AGI employees to continue working while not vaccinated for non-religious medical reasons, it did not permit employees like Plaintiff to do the same for religious reasons despite the fact that these employees, including Plaintiff, shared the same job title and job duties.

80.    Because the requested exemptions of AGI employees like Plaintiff were based on their religious beliefs, Defendant discriminated against and treated differently Plaintiff and other AGI employees who were unable to get the COVID-19 vaccine for religious reasons from those AGI employees who asserted that they were unable to get the COVID-19 vaccine for non-religious medical reasons.

81.    Defendant's discharge of Plaintiff was an adverse employment action taken because of Plaintiff's religion.

82.    Plaintiff's job performance at AGI was more than satisfactory and his discharge by Defendant was discriminatory because he was treated differently than other employees because of his religious beliefs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brendan Ralph prays for relief as follows:

1.    A declaratory judgment that the practices complained of herein are unlawful under Title VII;

2.    Pre-judgment interest, as provided by law;

3.    An award of money damages, including backpay, compensatory damages, loss of future earnings, emotional distress, punitive damages, and other damages permitted by applicable law, in an amount to be determined at trial, but not less than $150,000;

4.    Attorney's fees, costs, and expenses incurred in this action; and

5.    Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: September 28, 2023                    Respectfully submitted,

/s/ David D. Ashley
David D. Ashley
(S.C. Bar #76206, U.S. District Court #10220)
Le Clercq Law Firm
708 South Shelmore Blvd. #202
Mount Pleasant, SC 29464
Phone (843) 722-3523
Fax (843) 352-2977
David@LeClercqLaw.com
*Counsel for Plaintiff*